JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882

RICHARD CRITCHLOW, Esq./ Sate Bar #37421
ROBERT DISKINT, Esq./ State Bar #88232
CRITCHLOW & DISKINT, LLP
100 Drakes Landing Road, Suite 305
Greenbrae, CA 94904
Telephone: (415) 925-1000
Facsimile:  (415) 925-0444

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO GARCIA, JR, individually, and as Personal Representative of the Estate of Ramiro Garcia; R.G., a minor, by and through her Guardian Ad Litem, Corina Torrez; RUBEN GARCIA; and ALICIA GARCIA,<br><br>            Plaintiffs,<br><br>    vs.<br><br>COUNTY OF STANISLAUS,  a municipal corporation; ADAM CHRISTIANSON, in his capacity as Sheriff for the COUNTY OF STANISLAUS; M. FISHER, individually and in his capacity as a deputy sheriff for the COUNTY OF STANISLAUS; S. WATSON, individually, and in his capacity as a deputy sheriff for the COUNTY OF STANISLAUS; T. SCHWARTZ, individually and his capacity as a deputy sheriff for the COUNTY OF STANISLAUS; T. SILCOX, individually, and in his capacity as a deputy sheriff for the COUNTY OF STANISLAUS; and DOES 1-25, inclusive,<br><br>            Defendants.<br>_____/ | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.**<br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Patterson, California, which is within this judicial district.

## PARTIES

2. Plaintiff herein, RAMIRO GARCIA, JR. ("GARCIA"), is and at all times herein mentioned was a citizen of the United States residing in Stanislaus County in California. Plaintiff GARCIA is the son of Decedent RAMIRO GARCIA, SR. ("Decedent), who was unmarried. Plaintiff GARCIA is the personal representative of the Estate of Ramiro Garcia, Sr.

3. Minor Plaintiff herein, R.G., is the minor daughter of Decedent Ramiro Garcia, Sr. She is represented in this action by her mother and Guardian Ad Litem Corina Torrez.

4. Plaintiff herein, RUBEN GARCIA, is and at all times herein mentioned herein was a citizen of the United States residing in Stanislaus County in California. Plaintiff RUBEN GARCIA is the father of decedent RAMIRO GARCIA, SR.

5. Plaintiff herein, ALICIA GARCIA, is and at all times mentioned herein was a citizen of the United States residing in Stanislaus County in California. Plaintiff ALICIA GARCIA is the mother of decedent RARMIRO GARCIA, SR.

6. Defendant County of Stanislaus ("COUNTY") is a municipal corporation, duly organized and existing under the laws of the State of California. The COUNTY operates under its authority the STANISLAUS COUNTY SHERIFF'S DEPARTMENT. The STANISLAUS COUNTY SHERIFF'S DEPARTMENT, through contract with the City of Patterson, operates under its authority Patterson Police Services.

7. Defendant ADAM CHRISTIANSON ("CHRISTIANSON") is employed by defendant COUNTY OF STANISLAUS as Sheriff. He is being sued in his official capacity as Sheriff for the COUNTY.

8. Defendant M. FISHER ("FISHER") is and was employed by Defendant COUNTY OF STANISLAUS as a deputy sheriff. He is being sued in his individual capacity and in his capacity as a deputy sheriff for the COUNTY OF STANISLAUS.

9. Defendant S. WATSON ("WATSON") is and was employed by Defendant COUNTY OF STANISLAUS as a deputy sheriff. He is being sued in his individual capacity and in his capacity as a deputy sheriff for the COUNTY OF STANISLAUS.

10. Defendant T. SCHWARTZ ("SCHWARTZ") is and was employed by Defendant COUNTY OF STANISLAUS as a deputy sheriff. He is being sued in his individual capacity and in his capacity as a deputy sheriff for the COUNTY OF STANISLAUS.

11. Defendant T. SILCOX ("SILCOX") is and was employed by Defendant COUNTY OF STANISLAUS as a deputy sheriff. He is being sued in his individual capacity and in his capacity as a deputy sheriff for the COUNTY OF STANISLAUS.

12. At all times mentioned herein, defendant officers DOES 1-25, inclusive, were employed by Defendant COUNTY as deputy sheriffs. They are being sued individually and in their capacities as deputy sheriffs.

13. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

14. In engaging in the conduct described herein, Defendant Deputy Sheriffs acted under the color of law and in the course and scope of their employment with the County. In engaging in the conduct described herein, Defendant Deputy Sheriffs exceeded the authority vested in them as peace officers under the United States Constitution and as peace officers employed by Defendant COUNTY.

15. Plaintiffs are required to comply with an administrative claim requirement for state-law based causes of action. Plaintiffs have complied with all applicable requirements.

STATEMENT OF FACTS

16. On July 9, 2006, between 1:00 a.m. and 2:00 a.m., Decedent Ramiro Garcia died after STANISLAUS County Sheriff's Deputies, including Defendant Deputies FISHER, WATSON, SCHWARTZ, and SILCOX, restrained and used excessive force against him during an attempted arrest or detention at or near 409 N. 1st Street in Patterson, California.

17. The Defendant deputies reported that they were summoned to 409 N. 1st Street by a caller who reportedly alleged that her boyfriend, "Ramiro," refused to leave her house. The caller, who identified herself as Heather Avila, also told dispatchers that her boyfriend was intoxicated. Defendant Deputy FISHER responded to the call and arrived at the scene along with Defendant Deputies SCHWARTZ and WATSON. Decedent RAMIRO GARCIA stood outside the residence. The Defendant Deputies reported that decedent wore shorts but had no shirt on. The Defendant Deputies could see that decedent was sweating profusely. The Defendant Deputies reported that decedent appeared agitated and was acting strangely, pacing back and forth in the carport area and mumbling at a non-existent person. The Defendant Deputies ordered decedent to walk toward them. According to the Defendant Deputies, decedent initially seemed to acknowledge their presence, but then looked through them as if they were not there. Decedent continued pacing and did not otherwise acknowledge the Defendant Deputies' presence or their orders. The Defendant Deputies reported that they believed decedent was under the influence of a central nervous system stimulant, based on POST training they had received.

18. Defendant Deputy FISHER reported that he approached decedent and noticed "gang tattoos" on decedent. Defendant Deputy FISHER decided to detain and pat-search decedent for weapons due to the "gang tattoos", and the alleged high crime, drug, and gang area of their location. The Defendant Deputies allege that decedent tightened his arms and began to pull away from Defendant Deputy FISHER, who stated in his report that, to gain better control of the decedent, he then put decedent against the hood of a white minivan. According to Defendant Deputy FISHER, decedent broke free from his grasp and jumped onto the hood of the minivan. The Defendant Deputies alleged that decedent then jumped off the hood of the minivan, and the Defendant Deputies forced decedent to the ground. Defendant Deputy WATSON stated in his report that he grabbed

decedent by the head and forced decedent to the ground so that decedent was on his back. According to Defendant Deputy WATSON, decedent swung his arms and kicked at the deputies, so Defendant Deputy WATSON punched decedent in the left side of the head and face 10 to 15 times with a closed fist.

19.     According to the Defendant Deputies, decedent continued to resist, and Defendant Deputy FISHER struck decedent on the forehead several more times while decedent was on his back. One witness observed a Defendant Deputy sit on decedent's head while decedent was on his back, so that the Defendant Deputy's rear-end covered decedent's face for a significant period of time. Defendant Deputy SCHWARTZ alleged in his report of the incident that he applied his Taser stun-gun to decedent three times in drive-stun mode. Defendant Deputy SCHWARTZ wrote in his report that the Taser applications had little effect upon decedent. Defendant Deputy WATSON and Defendant Deputy SCHWARTZ handcuffed decedent. Defendant Deputy SCHWARTZ then retrieved a wrap restraint device from his police vehicle. Defendant Deputy SCHWARTZ wrote in his report that the wrap was fully applied because decedent was no longer conscious. Defendant Deputy SCHWARTZ wrote in his report that "decedent was no longer breathing very heavily".

20.     Defendant Deputy SCHWARTZ called for an ambulance to respond code 3 after Defendant Deputy WATSON could not immediately locate a pulse at decedent's brachial artery or wrist. A sergeant and another deputy arrived at the scene and CPR was initiated. After several minutes of CPR, decedent regained a pulse. However, decedent never regained consciousness and died in the hospital on the night of July 11, 2006, with severe injuries including a frontal subgaleal hematoma formation on the left side of his head, rib fractures, bruising and abrasions to the left side of the head and face and bruising to the right side of the forehead.

21.     The County Coroner who performed the autopsy noted that decedent was initially diagnosed with cardiopulmonary arrest with resultant cerebral anoxia, along with the presence of methamphetamine and alcohol. In fact, no blood ethyl alcohol was detected from a blood sample taken on July 9 after CPR was administered to decedent. The coroner concluded that decedent died from complications of anoxic encephalopathy, "probable due to acute methamphetamine toxicity." Plaintiffs dispute the coroner's conclusions regarding the cause of death of decedent.

22.     Plaintiffs allege that Decedent died as a direct consequence of the excessive force used against him by the Defendant Deputies involved in this incident.

23.     Plaintiffs further allege that Decedent's death was the proximate result of Defendant COUNTY's failure to reasonably train their deputy sheriffs in the proper and reasonable use of force. Plaintiffs further allege that these substantial failures reflect Defendant COUNTY's policies implicitly ratifying and/or authorizing the use of excessive force by its deputy sheriffs.

24.     The killing of decedent RAMIRO GARCIA, SR. described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiffs' injuries and resulting damages.

DAMAGES

25.     Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Mr. GARCIA's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses and their own lost wages.

26.     As a further direct and proximate result of the negligence, excessive force and deliberate indifference of defendants, and each of them, Plaintiffs have been deprived of Decedent's financial support.

27.     The conduct of defendant officers was malicious, wanton, and oppressive.  Plaintiffs are therefore entitled to an award of punitive damages against said defendant Deputy Sheriffs of the COUNTY.

28.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of civil rights.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against defendants FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10, inclusive)

29.  Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 28 of this Complaint.

30.  In doing the acts complained of herein and killing Plaintiffs' decedent, Ramiro Garcia, Defendants FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10 inclusive, and/or each of them, acted under color of law to deprive plaintiffs of certain constitutionally protected rights, including, but not limited to:

    a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants COUNTY, CHRISTIANSON and DOES 11-25)

31.  Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 30 of this Complaint.

32.  Plaintiffs are informed and believes and thereon allege that high ranking County of Stanislaus officials, including high ranking police supervisors DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by Defendant Deputy Sheriffs FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10, inclusive, and/or each of them.  Plaintiff further alleges that Defendants CHRISTIANSON, DOES 11-25 and/or COUNTY were aware or should have been aware of numerous prior instances of people dying in custody as a consequence of the use of excessive force.

33.  Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants CHRISTIANSON, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil

rights violations by said officers. Plaintiffs further allege that in spite of these defendants' awareness of death following the use of excessive force, these defendants failed to provide adequate training regarding limitations on the use of excessive force that can be reasonably foreseen to cause death.

34.   Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Deputy Sheriffs FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10, inclusive, and/or each of them, CHRISTIANSON, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiffs' rights as alleged herein. Plaintiffs further allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the failure by Defendants CHRISTIANSON, COUNTY and/or DOES 11-25, inclusive, these defendants encouraged the improper, unreasonable, and excessive use of force by Defendant Deputy Sheriffs FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10, inclusive, and/or each of them

35.   The aforementioned acts and/or omissions and/or deliberate indifference by high ranking officials, including high ranking Stanislaus County Sheriff's Department supervisors CHRISTIANSON, DOES 11-25, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

36.   Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant COUNTY)

37. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 36 of this Complaint.

38. As against Defendant COUNTY, CHRISTIANSON, and/or DOES 11-25 in his/their capacity as official policy-maker(s) for the COUNTY OF STANISLAUS, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the COUNTY OF STANISLAUS Sheriff's Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

39. Plaintiffs are further informed and believe and thereon allege that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants COUNTY, CHRISTIANSON, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant COUNTY, CHRISTIANSON, DOES 11-25, and each of them.

40. The injuries and damages to Plaintiffs as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant COUNTY, CHRISTIANSON, DOES 11-25, and each of them.

41. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant COUNTY OF STANISLAUS Sheriff's Department.

42.     Plaintiffs are further informed and believe and upon such information and belief allege that Plaintiffs' damages and injuries were caused by customs, policies, patterns or practices of Defendant COUNTY, CHRISTIANSON, DOES 11-25, and each of them, exhibiting deliberate indifference in the training, supervision and/or discipline of defendant deputy sheriffs FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10, inclusive, and/or each of them.

43.     The mentioned customs, policies or practices of Defendant COUNTY, CHRISTIANSON, DOES 11-25, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

　　a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

44.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(Assault and Battery)
(Against Defendants FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10, inclusive)

45.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 44 of this Complaint.

46.     Defendants FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10, inclusive and/or each of them, placed Decedent in immediate fear of death and severe bodily harm by attacking and using excessive force against him without any just provocation or cause.

47.     These defendants' conduct was neither privileged nor justified under statute or common law.

48.     As a proximate result of defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendants FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10, inclusive)

49.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 48 of this complaint.

50.  Plaintiffs are informed and believe and thereon alleges that the conduct of defendants FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10, inclusive, and/or each of them, as described herein, was motivated by racial prejudice against plaintiffs' decedent.  Plaintiffs' decedent is and was readily recognizable as Latino-American.  In engaging in such conduct, defendants violated Plaintiffs' decedent's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

51.  Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

52.  As a proximate result of defendants' wrongful conduct, plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against Defendants FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10, inclusive)

53.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 49 of this Complaint.

54.  The conduct of Defendants FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10 inclusive, as described herein, acting in the course and scope of their employment for Defendant

COUNTY, violated California Civil Code Section 52.1, in that they interfered with Plaintiffs' decedent's exercise and enjoyment of his civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable arrest of said decedent.

55. As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiffs' decedent suffered violation of his constitutional rights, and suffered damages as set forth herein.

56. Since this conduct occurred in the course and scope of their employment, Defendant COUNTY is therefore liable to Plaintiffs pursuant to respondeat superior.

57. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiffs pray for relief, as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
(Negligence – Wrongful Death)
(Against Defendants FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10, inclusive)

58. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 57 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

59. At all times herein mentioned, Defendants FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests.  The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff and plaintiffs' decedent to suffer injuries and damages as set forth herein.  Pursuant to Government Code Section 815.2(a), Defendant COUNTY is

vicariously liable to Plaintiffs for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10.

60. As a proximate result of Defendants' negligent conduct, Plaintiffs and Plaintiffs decedent suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and damages. Plaintiffs are further entitled to recover wrongful death damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

EIGHTH CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(Against Defendants COUNTY, CHRISTIANSON, and DOES 11-25)

61. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 60 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

62. At all times herein mentioned, defendant COUNTY, by and through its supervisory employees and agents, CHRISTANSON, and DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its deputy sheriffs so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, COUNTY, CHRISTIANSON, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights and injury to said plaintiffs. COUNTY, CHRISTIANSON, and DOES 11-25, inclusive, breached their duty of care to citizens in that COUNTY, CHRISTIANSON, and DOES 11-25, inclusive, failed to adequately train its deputy sheriffs, including Defendants FISHER, WATSON, SCHWARTZ, SILCOX, and DOES 1-10, inclusive in the proper and reasonable use of force, the proper and reasonable making of arrests,

treating citizens in a manner that is not racially discriminatory, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of arrests, and treating citizens in a manner that is not racially discriminatory.  This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by deputy sheriffs employed by COUNTY, the continuing failure to make proper and reasonable arrests by deputy sheriffs employed by COUNTY, and the continuing racially discriminatory behavior towards citizens by deputy sheriffs employed by the COUNTY.

63.  As a proximate result of defendants COUNTY, CHRISTIANSON, and DOES 11-25, inclusive's negligent conduct, plaintiffs suffered the death of their father and son, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### JURY DEMAND

64.   Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum of $10,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief, pursuant to California Civil Code Section 52.1, enjoining Defendant COUNTY OF STANISLAUS from authorizing, allowing, or ratifying the practice by any deputy sheriff employee of Defendant COUNTY of using excessive and unreasonable force against persons;
5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and for reasonable attorney's fees;

6. For violation of California Civil Code Section 51.7 pursuant to California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.

Dated: July 23, 2007                        **The Law Offices of John L. Burris**

                                        /s/ John L. Burris
                                        John L. Burris, Esq.
                                        Attorney for Plaintiffs

Dated: July 23, 207                         **Critchlow & Diskint**

                                        /s/ Robert Diskint
                                        Robert Diskint, Esq.
                                        Attorney for Plaintiffs