# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO GARCIA, JR., individually and as Personal Representative of the Estate of Ramiro Garcia, R.G., a minor, by and through her guardian ad litem, Corina Torrez, RUBEN GARCIA and ALICIA GARCIA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF STANISLAUS, ADAM CHRISTIANSON, M.FISCHER, S. WATSON, T. SCHWARTZ, and T. SILCOX,<br><br>Defendants. | CASE NO. CV F 07-1376 LJO SMS<br><br>**ORDER ON MOTIONS IN LIMINE** |

This Court conducted a hearing on defendants' motion in limine on August 18, 2009 at 8:00 a.m. in Courtroom 4 (LJO). Plaintiffs Ramiro Garcia, Jr., R.G., Ruben Garcia, and Alicia Garcia ("plaintiffs") appeared by telephone by counsel Benjamin Nisenbaum. Defendants County of Stanislaus, Sheriff Adam Christianson, M. Fischer, S. Watson, T. Schwartz, and T. Silcox ("defendants") appeared by telephone by counsel Dan Farrar. Defendants filed one motion in limine. Plaintiffs filed no motions in limine, but filed an opposition to defendants' motion in limine on August 14, 2009.

The Court read and reviewed defendants' motion in limine and plaintiffs' opposition, including the supporting documents. The Court further considered the arguments of counsel on the record. The Court ruled from the bench on the motion and incorporates those rulings herein. For the reasons

described on the record and in this order, the Court issues the following written order on the defendants' motion in limine.

### 1. Motion to Exclude Evidence of Prior Incidents

Defendants moved to exclude evidence of prior incidents involving defendant Officer Watson. Plaintiffs offered two incidents of prior incidents: an April 4, 2004 incident where two other officers complained of defendant Watson's allegedly improper use of force, and a taser incident which resulted in a civil settlement.

As stated on the record, the motion pertaining to the April 4, 2004 incident is DENIED as the issue goes to the claim made pursuant to *Monell v. New York City Dept. of Social Servs.* 436 U.S. 658, 98 S.Ct. 2018 (1978).

The motion pertaining to the taser incident is GRANTED based on balancing the Rule 403 factors, as stated on the record.

### 2. Motion to Bifurcate the *Monell* Claim

At the hearing on the motion, defendants orally moved to bifurcate the *Monell* claim pending a finding by the jury that plaintiffs had suffered a constitutional violation. Plaintiffs did not oppose the motion to bifurcate. Accordingly, the *Monell* claim, and proof of damages, shall be bifurcated until the jury returns a verdict finding that the plaintiffs suffered a constitutional violation.

IT IS SO ORDERED.

Dated:   **August 18, 2009**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE